12-2432-cv
*Jones-Reid v. Astrue*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,

    *Circuit Judges.*

-----

SANDRA JONES-REID,

    *Plaintiff-Appellant*,

  -v.-        12-2432-cv

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    *Defendant-Appellee.*

-----

FOR APPELLANT:  WINONA W. ZIMBERLIN, Hartford, CT.

FOR APPELLEE:  ANN M. NEVINS, Assistant United States Attorney (Robert M. Spector, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Sandra Jones-Reid appeals from the judgment of the United States District Court for the District of Connecticut (Eginton, *J.*) affirming the denial of her application for Disability Insurance Benefits and Supplemental Security Income. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After reviewing the record, we conclude that substantial evidence supports the vocational analysis and the conclusion that Jones-Reid is able to perform light work, *see* 20 C.F.R. 404.1567(b) and 416.967(b), with the restrictions imposed. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). Additionally, we find no merit to Jones-Reid's claims that the ALJ improperly weighed the relevant medical opinions or made erroneous credibility determinations.

We have considered all of Jones-Reid's arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk